IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH THOMAS,

    Plaintiff,　　　　　　　　　　No. CIV S-06-1477 FCD DAD P

    vs.

JEANNE WOODFORD, et al.,　　　　　ORDER AND

    Defendants.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

    By order filed July 7, 2006, plaintiff's in forma pauperis application was denied because of defects in the application itself[1] and because plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis unless he is under imminent danger of serious physical injury. Plaintiff was ordered to pay the required filing fee of $350.00 within twenty days and was advised that failure to comply with the order will result in a recommendation that this action be dismissed. The twenty day period has expired, and plaintiff has not paid the filing fee.

    On July 13, 2006, plaintiff filed a document titled "Motion: Requesting U.S. Magistrate Judge to immediate move for finding and recommendation, request 90 day extension

---

[1] The application was not submitted on a proper form, did not authorize withdrawal of funds from plaintiff's prison trust account, was not certified by a prison official, and did not include a certified trust account statement for the six-month period preceding the filing of plaintiff's complaint.

1

to show imminent danger of serious physical injury." Plaintiff asserts first that he is unable to obtain medical records showing that he is suffering irreparable injury. Plaintiff's request is moot in this regard because he subsequently filed copies of his medical records. Plaintiff also states that he needs an extension of time to show that he is in imminent danger of serious physical injury. Plaintiff cites a single medical record noting limitations on plaintiff's ability to perform work. The record shows that plaintiff can perform light duty while sitting, should not lift items weighing more than ten pounds, and should not walk for more than one to two hours per day. This document does not reflect imminent danger of serious physical injury and does not support plaintiff's request for a 90-day extension of time to make such a showing. In a separate document filed on July 13, 2006, plaintiff asserts that he is in imminent danger of serious injury in the form of nerve damage. Plaintiff also cites "blurry vision, gum disease, and HIV, by the defendant." Plaintiff's conclusory allegations of past injury caused by alleged delay in treatment do not support plaintiff's motion for extension of time to make a showing of imminent danger of serious injury. Plaintiff's motion for extension of time will be denied.

On July 17, 2006, plaintiff filed a motion urging this court to grant him leave to proceed in forma pauperis because a magistrate judge granted such a request in case No. CIV F-06-0315 OWW WMW P on July 17, 2006. An order granting in forma pauperis status in error does not serve to remove a § 1915(g) bar. Plaintiff's motion for forma pauperis status grounded on an order in another case will be denied.

On July 17, 2006, plaintiff also renewed his request for a temporary restraining order or preliminary injunction. Plaintiff included a short memorandum of law in this request and filed a separate declaration with 106 pages of medical records. Although plaintiff's proposed order enjoins Jeanne Woodford, described as warden of CSP- Sacramento, and others from transferring plaintiff to an outside facility for medical treatment, other documents demonstrate that plaintiff seeks transfer to an outside facility. Plaintiff's legal brief consists of a list of cases and conclusory arguments about plaintiff's right to urgent medical treatment without

interference. Plaintiff asserts that he is suffering from an unknown disease as well as diseases that are not being treated urgently enough. Plaintiff requests immediate transfer to an outside facility "for treatment for gum disease, seroma in leg, physical therapy for arthritis, blurry vision, HIV testing and tattoo removal and weight lost [sic]." Plaintiff also requests revision of state law and millions of dollars in compensatory damages.

The legal principles applicable to requests for injunctive relief are well established. To prevail, the moving party must show a likelihood of success on the merits of his claims and the possibility of irreparable injury if injunctive relief is not granted, or he must demonstrate that serious questions are raised and the balance of hardships tips sharply in his favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). These two formulations represent points on a sliding scale, with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.

In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

A preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). In general, the court will not issue an order against individuals who are not parties to the suit pending before the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Here, plaintiff's renewed request for injunctive relief fails to make a significant showing of possible irreparable harm. Although plaintiff seeks an immediate transfer to an outside facility for treatment for gum disease, seroma, arthritis, and blurry vision, as well as HIV

1  testing, tattoo removal, and loss of weight, his conclusory assertions are not supported by citation
2  to specific pages of the medical records showing the need for emergency care of any of the
3  conditions mentioned.  The court has reviewed the medical records and finds no evidence that
4  plaintiff is in need of outside medical care.  The records reflect ongoing care for plaintiff's
5  multiple medical problems, and plaintiff's anticipation of irreparable harm is speculative.  For
6  these reasons, plaintiff's renewed request for injunctive relief should be denied.

7        On October 25, 2006, plaintiff filed a further motion for leave to proceed in forma
8  pauperis "under the imminent danger of serious injury theory."  Plaintiff argues that his request
9  for injunctive relief shows that he is in imminent danger of serious injury because he has a
10 seroma in his left leg, the seroma is causing nerve damage, and such damage could cause him to
11 lose his leg.  Plaintiff argues further that he has "gum disease that is causing the plaintiff major
12 gum disease that can cause plaintiff an infectious disease that can cause death" and that he has
13 "major arthritis in both pelvis joints" that may cause him to need hip replacement surgery if
14 physical therapy is not provided for his current condition.  Plaintiff requests an immediate
15 transfer to U.C. Davis Hospital for treatment of seroma, arthritis, and gums, along with an order
16 requiring defendant Woodford, now erroneously identified as the secretary of the CDCR, to
17 revise state regulations.  Plaintiff also requests damages for past interference with his medical
18 care and delay in treatment.  Plaintiff's motion for leave to proceed in forma pauperis should be
19 denied because plaintiff has not shown that he was under imminent danger of serious physical
20 injury when he brought this action and he has not filed an an in forma pauperis application on a
21 proper form with the required certification.

22       Plaintiff has not demonstrated that he was under imminent injury of serious
23 physical injury when he brought this action.  This action should be dismissed as barred by 28
24 U.S.C. § 1915(g).
25 /////
26 /////

IT IS ORDERED that:

1. Plaintiff's July 13, 2006 motion (docketed as #7) for findings and recommendations and an extension of time is denied;

2. Plaintiff's July 17, 2006 motion for order directing payment of inmate filing fee and granting leave to proceed in forma pauperis (docketed as #9) is denied;

IT IS RECOMMENDED that:

1. Plaintiff's July 17, 2006 motion for temporary restraining order (docketed as #10) be denied;

2. Plaintiff's October 25, 2006 motion for leave to proceed in forma pauperis (docketed as #12) be denied; and

3. This action be dismissed without prejudice to the filing of a paid action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
thom1477.fee